UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

LAMONT A. MILES                                      CIVIL ACTION

VERSUS                                               NO. 07-8824

SLIDELL POLICE DEPARTMENT                            SECTION "A" (2)


## REPORT AND RECOMMENDATION

Plaintiff, Lamont A. Miles, is a prisoner currently incarcerated in the St. Tammany Jail.  He filed this complaint pro se and in forma pauperis pursuant to 42 U.S.C. § 1983 against the Slidell Police Department alleging that he was arrested on false charges and is being held illegally without bond. Record Doc. No. 1, Complaint at ¶¶ IV, V and attachment.

Specifically, plaintiff states in his complaint that while "doing contracting work" in Slidell, Louisiana, he "was ask[ed] by serial (sic) officers can I write them a contract so they can get there (sic) money from the insurance company faster.  I made a few phone calls for one or two so they can get there (sic) money faster,  and here it (sic) came the problems.  A few officers tryed (sic) to get me to make there (sic) bids for more than the work that needed to be done, for the insurance money[.]  At that time I told them No . . . . That's w[h]ere the problems begin[].  I was pick[ed] up for a warrant for another state.  I got a lawyer, bonded out on that and . . . .  As fast as I got out, . . they came an[d]

rearrest[ed] me. . . .  they took all the contracts and computers out of the office so I can't do the work, and came back and forth and arrest[ed] me.  I have now been sitting here in jail sense (sic) 4/8/06 trying to get a bond. . . . they have the D.A. lieing (sic) to the judge and saying I have done this in another states (sic).  The lawyer I have has investigated and found that's not true."  Plaintiff further states that "[i]t has come out . . . that I have been set up by Slidell police."  Id. at ¶ IV and attachment.

Plaintiff seeks monetary damages for lost wages, "the illegal holding they are doing to me, the slandering with my face all over the T.V. news, going to all my customer[s] puting (sic) my past life business to them, and . . .  the way I was held in holding when I first came in here."  Id. at ¶ V.

## ANALYSIS

I.    STANDARDS OF REVIEW

A prisoner's pro se complaint for alleged civil rights violations must be screened by the court as soon as practicable after docketing, regardless whether it has also been filed in forma pauperis.  28 U.S.C. § 1915A(a); Martin v. Scott, 156 F.3d 578, 579-80 (5th Cir. 1998).  Such complaints by prisoners must be dismissed upon review if they are frivolous or fail to state a claim.  28 U.S.C. § 1915A(b)(1).

"A federal court may dismiss a claim in forma pauperis 'if satisfied that the action is frivolous or malicious.'"  Moore v. McDonald, 30 F.3d 616, 620 (5th Cir. 1994)

(quoting former 28 U.S.C. § 1915(d), now incorporated in 28 U.S.C. § 1915(e), as amended).  A complaint is frivolous "if it lacks an arguable basis in law or fact."  <u>Davis v. Scott</u>, 157 F.3d 1003, 1005 (5th Cir. 1998); <u>Reeves v. Collins</u>, 27 F.3d 174, 176 (5th Cir. 1994).  The law "'accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless.'"  <u>Macias v. Raul A. (Unknown), Badge No. 153</u>, 23 F.3d 94, 97 (5th Cir. 1994) (quoting <u>Neitzke v. Williams</u>, 490 U.S. 319, 327 (1989)).

"'A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist.'"  <u>Davis</u>, 157 F.3d at 1005 (quoting <u>McCormick v. Stalder</u>, 105 F.3d 1059, 1061 (5th Cir. 1997)).  "When a complaint raises an arguable question of law which the district court ultimately finds is correctly resolved against the plaintiff, dismissal under Rule 12(b)(6) is appropriate; however, dismissal under the section 1915(d) standard is not."  <u>Moore v. Mabus</u>, 976 F.2d 268, 269 (5th Cir. 1992).  An in forma pauperis complaint which is legally frivolous, fails to state a claim or seeks monetary relief against a defendant who is immune from such relief may be dismissed sua sponte at any time under 28 U.S.C. § 1915(e)(2).

In this case, plaintiff's complaint may be dismissed under 28 U.S.C. § 1915(e) as frivolous because it lacks an arguable basis in law or under Rule 12(b)(6) because it fails to state a cognizable Section 1983 claim under the broadest reading.[1]  In addition, the habeas corpus aspects of plaintiff's claims must be dismissed without prejudice because plaintiff has not exhausted his state court remedies.

II.     SECTION 1983 CLAIMS

A.      IMPROPER DEFENDANT

Miles has named the Slidell Police Department as the sole defendant in this matter. The police department is not a legal entity or person capable of being sued.  Ruggiero v. Litchfield, 700 F. Supp. 863, 865 (M.D. La. 1988).  The State of Louisiana grants no such legal status to any law enforcement office or department.  Liberty Mutual Insurance Co. v. Grant Parish Sheriff's Department, 350 So. 2d 236 (La. App. 3d Cir.), writ refused, 352 So. 2d 235 (La. 1977).  The Slidell Police Department is not a "person" for purposes of Section 1983 liability.  Under these circumstances, all claims against the Slidell Police Department must be dismissed as legally frivolous.

---

[1]Pro se civil rights complaints must be broadly construed, Moore, 30 F.3d at 620, and I have broadly construed the complaint in this case.

4

B.    HECK APPLICATION TO SECTION 1983 CLAIMS

Read broadly, Miles's complaint may be seeking declaratory and injunctive relief, in addition to damages.  In either case, his claims must be dismissed at this time.  In Heck v. Humphrey, 512 U.S. 477 (1994), the United States Supreme Court held that a civil action for alleged civil rights violations that attacks the validity of state confinement, which has not been reversed, expunged, invalidated, or called into question by a federal court's issuance of a writ of habeas corpus, is not cognizable under Section 1983.

> [T]o recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.  A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983.  Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

Id. at 486-87 (emphasis in original) (footnote omitted).  Although the Supreme Court's decision in Heck concerned a civil action for monetary damages, the United States Court of Appeals for the Fifth Circuit has also applied Heck in cases in which the plaintiff seeks injunctive relief.  Clarke v. Stalder, 154 F.3d 186, 189 (5th Cir. 1998) (en banc) (citing Edwards v. Balisok, 520 U.S. 641, 117 S. Ct. 1584 (1997)).

5

Plaintiff's claims are clearly connected to the validity of his present confinement. Heck, 512 U.S. at 479; Hamilton v. Lyons, 74 F.3d 99, 103 (5th Cir. 1997); Boyd v. Biggers, 31 F.3d 279, 283 (5th Cir. 1994).  Among other things, plaintiff challenges the validity of his arrest, the factual basis of the criminal charges against him, and his denial of bond.

Miles's complaint indicates that he has not yet been convicted of any charge and no conviction has been set aside in any of the ways described in Heck.  Thus, any claims for relief that plaintiff asserts attacking the validity of the criminal charges against him and his continued confinement are premature and must be dismissed.  As the Fifth Circuit has noted, the dismissal of plaintiff's Section 1983 claims is with prejudice to their being asserted again until the Heck conditions are met.  Johnson v. McElveen, 101 F.3d 423, 424 (5th Cir. 1996).

III.    HABEAS CORPUS CLAIMS

As noted above, Miles's complaint in part challenges the very fact and duration of his confinement.  Although his suit is styled as a civil rights action under 42 U.S.C. § 1983 and filed on a form normally reserved for Section 1983 complaints, he clearly challenges the validity of his confinement and may be seeking his release.  This Section 1983 complaint is not the proper action in which to assert these habeas corpus claims.

A prisoner who challenges the very fact or duration of his physical confinement and who seeks judgment that would entitle him to release must pursue habeas corpus relief rather than civil rights relief under Section 1983.  Preiser v. Rodriguez, 411 U.S. 475, 500 (1973); Clarke v. Stalder, 121 F.3d 222, 226 (5th Cir.), reh'g en banc granted & opin. vacated, 133 F.3d 940 (5th Cir. 1997), rev'd in part on other grounds & opin. reinstated in relevant part, 154 F.3d 186, 187 (5th Cir. 1998) (en banc); Caldwell v. Line, 679 F.2d 494, 496 (5th Cir. 1982).  Thus, although Miles filed his complaint on a form reserved for Section 1983 complaints, his claims invoke habeas corpus type relief because he challenges the fact of his confinement.  Clarke, 121 F.3d at 226; Hernandez v. Spencer, 780 F.2d 504, 504 (5th Cir. 1986).

A fundamental prerequisite to federal habeas relief is the exhaustion of all claims in state court before requesting federal collateral relief.  Whitehead v. Johnson, 157 F.3d 384, 387 (5th Cir. 1998) (citing Rose v. Lundy, 455 U.S. 509, 519-20 (1982)); Nobles v. Johnson, 127 F.3d 409, 419 (5th Cir. 1997).  "A federal habeas petition should be dismissed if state remedies have not been exhausted as to all of the federal court claims."  Whitehead, 157 F.3d at 387 (citing 28 U.S.C. § 2254(b)(1)(A); Rose, 455 U.S. at 519-20)).

"The exhaustion requirement is satisfied when the substance of the federal habeas claim has been fairly presented to the highest state court."  Id. (citing Picard v. Connor,

7

404 U.S. 270, 275-78 (1971)). "A federal court claim must be the 'substantial equivalent' of one presented to the state courts if it is to satisfy the 'fairly presented' requirement. . . . This requirement is not satisfied if the petitioner presents new legal theories or new factual claims in his federal application." Id. (citing Picard, 404 U.S. at 275-78; Nobles, 127 F.3d at 420). A court may notice sua sponte the lack of exhaustion. McGee v. Estelle, 722 F.2d 1206, 1214 (5th Cir. 1984) (en banc).

In the present case, Miles does not allege and there is no proof that he has exhausted his state court remedies in connection with his claims in this case. On the contrary, on the first page of his complaint, Miles indicates that he has not begun any other civil lawsuits in state or federal court dealing with the same facts involved in this action. Record Doc. No. 1, at p.1, ¶ I(A). Furthermore, research by staff of the undersigned magistrate judge with the Louisiana Supreme Court clerk's office indicates that Miles has not sought review of the validity of his current incarceration in the Louisiana Supreme Court. Accordingly, plaintiff's claims seeking habeas corpus relief must be dismissed without prejudice to allow him to pursue state court appellate and post-conviction remedies concerning his criminal proceeding, before returning to this court with a properly filed habeas corpus petition.

## RECOMMENDATION

For all of the foregoing reasons, **IT IS RECOMMENDED** that plaintiff's complaint asserting claims pursuant to 42 U.S.C. § 1983 be **DISMISSED WITH PREJUDICE**, either as legally frivolous, for failure to state a claim on which relief may be granted under 28 U.S.C. § 1915(e)(2), under Heck.

**IT IS FURTHER RECOMMENDED** that all habeas corpus claims asserted in this Section 1983 complaint be **DISMISSED WITHOUT PREJUDICE** to plaintiff's ability to file a proper habeas corpus proceeding after exhaustion of state court remedies.

A party's failure to file written objections to the proposed findings, conclusions, and recommendations in a magistrate judge's report and recommendation within ten (10) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. Douglass v. United Servs. Auto Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

New Orleans, Louisiana, this ___19th___ day of December, 2007.

JOSEPH C. WILKINSON, JR.
UNITED STATES MAGISTRATE JUDGE